UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAM TRAN,

              Plaintiff,

v.

CLARK COUNTY COURT,

              Defendants.

Case No. C23-5218 BHS

REPORT AND RECOMMENDATION

NOTED FOR APRIL 21, 2023

      Plaintiff Tam Tran filed a Declaration and Application to Proceed In Forma Pauperis and Written Consent for Payment of Costs ("Application"). Dkt. 1. The District Court has referred Plaintiffs' Application to Proceed In Forma Pauperis ("IFP") to United States Magistrate Judge Theresa L. Fricke pursuant to Amended General Order 11-22. The Court has reviewed the Application and the proposed complaint and finds plaintiff's case is duplicative. Accordingly, the Court recommends the Application (Dkt. 1) be denied and this case be dismissed without prejudice.

      Plaintiff has filed several Section 1983 actions that are substantially the same. Each case appears to be related to his arrest from March 28, 2020. *See Tran v. Clark County*, 3:22-CV-5970-BHS; *Tran v. Clark County Sheriff's Office*, 3:22-cv-5456-BHS; *Tran v. Clark County Prosecutor*, 3:22-CV-5969-JLR; *Tran v. Clark County Court,* 3:23-cv-5218-BHS. In cause number 3:22-cv-5456-BHS, the Court issued an order denying plaintiff's IFP motion and instructed plaintiff to pay the filing fee if he wished to pursue

REPORT AND RECOMMENDATION - 1

1  the case. Dkt. 7. Plaintiff's IFP motion was denied because he failed to file a proposed
2  amended complaint to cure the deficiencies identified in his original complaint. Dkt. 6.
3  Plaintiff paid the $402.00 filing fee on October 28, 2022.
4     Federal courts "retain broad powers to prevent duplicative or unnecessary
5  litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no
6  right to maintain two separate actions involving the same subject matter at the same
7  time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of
8  Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the
9  dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the
10 district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.* at
11 688. "Repeating the same factual allegations asserted in an earlier case, even if now
12 filed against new defendants, is subject to dismissal as duplicative." *Goods v. Wasco
13 State Prison*, No. 119CV01318JLTPC, 2019 WL 4670217, at *1 (E.D. Cal. Sept. 25,
14 2019).
15    Here, plaintiff is already moving forward with his case relating to the same arrest
16 in 2020 in another matter – 3:22-cv-5456-BHS. Thus, the instant complaint would be
17 duplicative and should be dismissed.
18    The IFP Application (Dkt. 1) should be denied and this case should be dismissed
19 without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the
20 parties shall have fourteen (14) days from service of this report to file written objections.
21 *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
22 objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. §
23 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See*
24
25

*Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 21, 2023, as noted in the caption.

Dated this 4th day of April, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge